IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEDAPPROACH HOLDINGS, INC. ) | |
| ) | |
| Plaintiff, ) | CASE NO. _____ |
| ) | |
| v. ) | |
| ) | |
| GREGORY D. HAWKINS AND ) | |
| SHARON HAWKINS ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### PARTIES

1. MedApproach Holdings, Inc., is a Delaware Corporation. ("MAH"). MAH is the general partner of MedApproach, L.P., a Delaware limited partnership which maintains its principal place of business in Nashville, Tennessee, and is the successor in interest to Bio-Pharm Investments, Inc., a Tennessee corporation.

2. The Defendants Greg Hawkins and Sharon Hawkins are citizens and residents of the State of New York and are husband and wife.

### JURISDICTION AND VENUE

3. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332 (a) (1) because this is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This is a suit brought pursuant to 28 U.S.C. § 2201 (a) and Rule 57, Fed. R. Civ. Proc. asking this Court to declare the rights and legal relations of the parties as described hereafter.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a) because a substantial part of the events or omissions giving rise to this claim occurred in this District; and, (b) a substantial part of the property which is the subject of the claim is situated in this District.

## ALLEGATIONS OF FACT

5. This lawsuit arises from various obligations concerning the establishment and funding of a business (hereafter, "the Project") involved in the manufacturing and distribution of a controversial pharmaceutical product. The various agreements referred to in this Complaint are considered confidential. Consequently, this Complaint will identify and allude to language within these documents but will not attach them as exhibits. The Defendants already possess copies of each document identified herein and they will be furnished in the course of litigation in any event.

6. In 1995, Greg Hawkins was approached by Bio-Pharm Investments, Inc. to assess his interest in investing in the Project as a limited partner in MedApproach, L.P. On May 4, 1995, Mr. Hawkins executed a non-circumvention agreement in which he promised not to invest, directly or indirectly, in the Project without the prior written consent of Bio-Pharm Investments, Inc.

7. On December 21, 1995, Mr. Hawkins executed a Subscription Agreement and Power of Attorney with MedApproach, L.P., of which Bio-Pharm Investments, Inc. was the General Partner. The purpose of the subscription was to invest in the Project as a limited partner through MedApproach. The initial investment was in the amount of $1,000,000.00.

8. Mr. Hawkins executed another Subscription Agreement with MedAppraoch, L.P. on June 28, 1996 under identical terms, in the amount of $500,000.00, and an additional Subscription

Agreement on February 3, 1997 in the amount of $3,500,000.00. All investments of Greg and Sharon Hawkins were to be made through MedApproach.

9. In 1996, disagreements arose between the original sublicensee of the product and the licensor. Because the dispute endangered the Project, MedApproach, L.P. reached an agreement to purchase control of the Project. In order to guarantee that adequate funds were available to MedAproach, L.P. to accomplish the purchase of the controlling interest of the Project, Mr. Hawkins executed a Funding Commitment on February 12, 1997.

10. Mr. Hawkins specifically agreed, and acknowledged by letter agreement of January 27, 1997, that MedApproach was entering into the purchase agreement for the controlling interest in the Project on the basis of Hawkins' commitment "to invest adequate funds in MedApproach to allow MedApproach to fund its obligations…"

11. On April 30, 1998, Mr. Hawkins executed an "Amended and Restated Funding Commitment," in which he as a limited partner of MedApproach, agreed to fund the obligations of MedApproach up to a total of $13,717,672.

12. On May 28, 1998, Mr. Hawkins executed a letter agreement in which he agreed that, in the event his funding obligation under the terms of the "Amended and Restated Funding Commitment" was called upon, he would make a capital contribution to MedAproach in an amount necessary to satisfy his joint obligation with MedApproach under the commitment.

13. On July 2, 1998, Greg Hawkins, for reasons not disclosed, but with the consent of the General Partner Bio-Pharm Investments, Inc., assigned his limited partnership interest and obligations in MedApproach, L.P. to his wife, the Defendant Sharon Hawkins.

3

Case 3:11-cv-01199  Document 1  Filed 12/20/11  Page 3 of 8 PageID #: 3

14. On November 9, 1998, the assignment was amended at the request of Greg Hawkins. The amendment provided that Sharon Hawkins would have no personal liability except to the extent funds otherwise obligated and payable would be set-off against her assigned interest.

15. In June of 1999, Greg Hawkins caused $2,079,008.00 to be transferred to four Delaware Limited Liability Companies organized by him or on his behalf. Among these companies, Shiroyama, LLC was established using Greg Hawkins' personal social security number. Plaintiff therefore believes and avers that all of the limited partner interest in the "Project" held by Shiroyama belong to Hawkins and therefore should have been invested through MedApproach.

16. Greg Hawkins has claimed, but has failed and refused to demonstrate, that these companies were organized as vehicles to raise funds for the Project from third parties without disclosing the names of the investors within the LLCs. He claims he receives no benefit from the interest he caused to be transferred, but refuses to provide any supporting documentation.

17. A fifth Delaware company, Resurgence, LLC, was created with Sharon Hawkins as its only member. Those funds should have been invested through DIG Equity, L.P., a successor to MedApproach, L.P.

18. As a consequence of the purchase of the controlling interest in the Project the structure of MedApproach, L.P. was reorganized with effective commencement dates as of January 1, 1999. Pursuant to this reorganization Med Approach, L.P. ("Old MedApproach"), was dissolved and the assets, liabilities, rights and legal obligations were transferred to three new separate limited partnerships, that were formed under Delaware law: MedApproach, L.P. ("New MedAppoach"), DIG Equity, LP and DIG Special Assets, L.P.

19. MedApproach Holdings, Inc. (MAH) was formed for the specific purpose of becoming the general partner in all three new partnerships.

20. The assets and liabilities, rights and obligations of Old MedApproach and its limited partners were transferred by the consent of all. The rights, duties and responsibilities of Bio-Pharm Investments, Inc., were transferred to and undertaken by MedApproach Holdings, Inc.

21. Pursuant to these agreements, MAH is entitled to a 1% annual management fee together with a 10% profit participation fee of all distributions payable to New MedApproach partners and a 20% of profit participation fee of all distributions payable to DIG Equity, L.P.'s limited partners, after return of capital.

22. In July, 2010, all of the contributed capital of each limited partner was returned, and profit participation fees were owed to MedApproach Holdings on all distributions from that time forward.

23. All Greg Hawkins and Sharon Hawkins contributions were required to be paid through MedApproach, Old and the New. Because Sharon Hawkins expressly agreed to a set-off of obligations to invest directly in MedApproach, L.P. in return for non-recourse, Plaintiff is entitled to set off $82,260.00 in management fees and $94,975.00 in profit participation fees for a total of $177,235.00 related to Resurgence, LLC. Plaintiff has set-off and retained $129,747.00, which represents the management fees and ½ of the profit participation fee due from Hawkins' investments through Resurgence, LLC.

24. Plaintiff believes and therefore avers that it is likewise entitled to management fees and profit participation fees from Shiroyama, LLC, in the amount of $286,235.00.

25. The minimum management and profit participation fees owed because of the transfer of Hawkins' interest are as follows: a) Campenile, LLC: $46,422.00; b) River Valley, LLC: $129,661.00; c) West Fork, LLC: $186,408.00.

26. The minimum total amounts due to MAH as General Partner, based upon the Hawkins' ownership of Resurgence and Shiroyama, together with the Hawkins' interests transferred to Campenile, River Valley and West Fork is $825,961.00.

27. Plaintiff has set aside the remaining ½ of claimed Resurgence profit participation fees and the minimum sums due associated with the remaining Hawkins' LLC's in the total amount of $696,214.00.

28. The Defendants have falsely represented that all or portions of funds invested outside of MedApproach, L.P. Old and New in the Project either originated from other investors, or were gifted by Greg Hawkins as an inducement for their investments in the Project. The true purpose of the passing of funds through the Delaware LLC's was at least in part to avoid the payment of earned management and profit participation fees by disguising the source of funds.

## CAUSES OF ACTION

### I. FRAUD AND DECEIT

29. The Defendants have acted affirmatively to hide or shield their conduct from the Plaintiff and have acted knowingly, intentionally, and fraudulently through misrepresentations of material facts to avoid the payment of sums due Plaintiff.

### II. FRAUD AND CIVIL CONSPIRACY

30. The Defendants have acted jointly and severally to impair or defeat the claims of the Plaintiff to its justly-owed management and participation fees through false, fraudulent, misleading, and deceptive practices.

## III.  BREACH OF CONTRACT

31. The Defendants have failed and refused to place investments through MedApproach, L.P. or its successor DIG Equity, L.P. despite a contractual obligation to do so. The specific purpose was to defeat the payment of fees justly owed. The Defendants have therefore breached the contract between and among the parties.

**WHEREFORE**, Plaintiff prays:

1. Proper process be issued upon the Defendants and that they be required to answer within the time prescribed by law;

2. That the Court declare pursuant to 28 U.S.C. § 2201 and Rule 57, Fed. R. Civ. Proc., Plaintiff's entitlement to a set-aside of funds with respect to the five Delaware LLCs, and that retention of these funds is both lawful and in accordance with agreements among the parties; and that future distributions be likewise subject to set-aside;

3. That the Defendants be required to account for each and every investment, resource thereof, and the dates of each investment related to the Project;

4. That the proper accounting sought herein be had through an appointment of a Special Master to determine these facts as provided in Rule 53, Fed. R. Civ. Proc.;

5. That Plaintiff be awarded judgment from and against the Defendants in an amount equal to all funds diverted from MedApproach, L.P. and DIG Equity, L.P. through these means;

6. That Plaintiff be awarded such additional punitive damages to which the Court may deem it to be entitled because of the fraud perpetrated on the Plaintiff by the Defendants, jointly and severally; and,

7. Plaintiff be awarded such additional general relief to which this Court may deem it to be entitled.

Respectfully submitted,

*[signature]*

CHAFFIN, BURNSED & BLACKBURN, PLLC
W. Gary Blackburn (#3484)
John Ray Clemmons (#25907)
The Fridrich Building, First Floor
2909 Poston Avenue
Nashville, TN 37203
Tel: (615) 254-7770
Fax: (615) 460-7484
*Counsel for Plaintiff*