IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEDAPPROACH HOLDINGS, INC.<br><br>Plaintiff,<br><br>v.<br><br>GREGORY D. HAWKINS AND<br>SHARON HAWKINS<br><br>Defendants. | Civ. No. 3-11-1199<br><br><br>ANSWER AND AFFIRMATIVE<br>DEFENSES TO SECOND AMENDED<br>COMPLAINT |

Gregory D. Hawkins and Sharon Hawkins (together, "Defendants") by and through their counsel Neal & Harwell, PLC and Lowenstein Sandler, LLP, respond to the Second Amended Complaint ("2AC") filed by Plaintiff MedApproach Holdings, Inc. ("MAH"). All of the claims for relief in the Plaintiff's Second Amended Complaint have been dismissed. Consequently, many of the allegations in the 2AC are no longer relevant to the only remaining claim. However, out of caution, Defendants have chosen to respond to all of the allegations in the 2AC as follows:

1. Defendants admit that MAH and MedApproach, L.P. ("MedApproach) are Delaware entities, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the 2AC, and on that basis they are denied.

2. Defendants admit the allegations set forth in Paragraph 2 of the 2AC.

3. Defendants deny the allegations set forth in Paragraph 3 of the 2AC.

-1-

4. Defendants deny the allegations set forth in Paragraph 4 of the 2AC.

5. Defendants deny that all funds invested by or on behalf of Gregory Hawkins were paid to MedApproach or its predecessors or affiliates in Nashville, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the 2AC, and on that basis they are denied.

6. (a) Defendants admit that Sharon Hawkins received a copy of a letter similar to one described in Paragraph 6(a) of the 2AC, denies that any document is attached as Exhibit A to the 2AC, denies the allegations concerning the significance of the documents described in Paragraph 6(a) of the 2AC, and refers to the documents described in Paragraph 6(a) of the 2AC for the terms thereof.

(b) Defendants deny that any document is attached to the 2AC as Exhibit A, and, on that basis, deny the remaining allegations set forth in Paragraph 6(b) of the 2AC. Defendants further refer to all documents described in the 2AC for the terms thereof. Defendants deny that Sharon Hawkins agreed in writing to transact business through a Tennessee company doing business in Nashville.

7. Defendants admit that the 2AC describes and alludes to language in various documents but deny the remaining allegations set forth in Paragraph 7 of the 2AC.

8. Defendants admit that Gregory Hawkins met W. Bradley Daniel in approximately 1995 but deny the remaining allegations set forth in Paragraph 8 of the 2AC.

9. Defendants admit that, as of 1995, Gregory Hawkins was a sophisticated investor, had been employed in the financial services industry for many years, and invested with Mr. Daniel in an entity called The Hawk Fund, L.P., the general partner of which was controlled by

Mr. Daniel and was to receive management and profit participation fees. Defendants deny the remaining allegations set forth in Paragraph 9 of the 2AC.

10.     Defendants admit that Gregory Hawkins invested $1,000,000 in an entity called MedApproach, L.P. in approximately December 1995, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the 2AC and on that basis they are denied.

11.     Defendants admit that Gregory Hawkins invested $500,000 in an entity called MedApproach, L.P. in approximately June 1996, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the 2AC and on that basis they are denied.

12.     Defendants admit that steps were taken to protect the identities of investors in the entity called MedApproach, L.P., but deny the remaining allegations set forth in Paragraph 12 of the 2AC.

13.     Defendants deny the allegations set forth in Paragraph 13 of the 2AC.

14.     Defendants admit that there were discussions in 1996 about the replacement of the original sub-licensee of the product and that Gregory Hawkins executed a document entitled "Funding Commitment" on or about February 12, 1997. Defendants deny the remaining allegations set forth in Paragraph 14 of the 2AC.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the 2AC, and on that basis they are denied.

16.     Defendants neither admit nor deny the allegations set forth in Paragraph 16 of the 2AC, except admit that a letter agreement dated February 4, 1997 was executed, and refer to that document for the terms thereof.

17. Defendants neither admit nor deny the allegations set forth in Paragraph 17 of the 2AC but refer to the letter dated February 4, 1997 for the terms thereof.

18. Defendants admit that Gregory Hawkins paid $3.5 million in February 1997 in order to fulfill obligations owed to Joseph Pike. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 18 of the 2AC, and on that basis they are denied.

19. Defendants admit that Gregory Hawkins executed a document entitled "Amended and Restated Funding Commitment" dated April 30, 1998, refer to that document for the terms thereof, and deny the remaining allegations set forth in Paragraph 19 of the 2AC.

20. Defendants admit that Gregory Hawkins executed a document dated May 28, 1998, refer to that document for the terms thereof, and deny the remaining allegations set forth in Paragraph 19 of the 2AC.

21. Defendants refer to the September 21, 1998 edition of Business Week for the terms thereof and deny the remaining allegations set forth in Paragraph 21 of the 2AC.

22. Defendants deny the allegations set forth in Paragraph 22 of the 2AC.

23. Defendants admit that Gregory Hawkins transferred interests in an entity called MedApproach, L.P. to Sharon Hawkins in 1998, that Bradley Daniel controlled Bio-Pharm Investments, Inc., and that Gregory Hawkins obtained the consent of Bio-Pharm Investments, Inc. to the transfer. Defendants deny the remaining allegations set forth in Paragraph 23 of the 2AC.

24. The first sentence set forth in Paragraph 24 of the 2AC states a legal conclusion to which no response is required. Defendants deny the remaining allegations set forth in Paragraph 24 of the 2AC.

25. Defendants deny the allegations set forth in Paragraph 25 of the 2AC.

26. Defendants admit that Bradley Daniel visited them in Saratoga, New York in 1998, but deny the remaining allegations set forth in Paragraph 26 of the 2AC.

27. Defendants deny the allegations set forth in Paragraph 27 of the 2AC.

28. Defendants deny the allegations set forth in Paragraph 28 of the 2AC.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the 2AC, and on that basis they are denied.

30. Defendants deny the allegations set forth in Paragraph 30 of the 2AC.

31. Defendants deny the allegations set forth in Paragraph 31 of the 2AC.

32. Defendants admit that the recruitment of new investors in June 1999 was appropriate but deny the remaining allegations set forth in Paragraph 32 of the 2AC.

33. Defendants admit that five Delaware limited liability companies were formed under the direction of David Untracht in approximately 1999 and that $320,000 was transferred from an investment in DIG Special Assets, LP to an entity called Shiroyama, LLC. Defendants deny the remaining allegations set forth in Paragraph 33 of the 2AC.

34. Defendants admit that Gregory Hawkins and Sharon Hawkins surrendered significant amounts of their investments in order to raise money for the project, but deny the remaining allegations set forth in Paragraph 34 of the 2AC.

35. Defendants admit that Shiroyama, LLC invested a total of approximately $1,263,877 in the project in 1999 and 2000, but deny the remaining allegations set forth in Paragraph 35 of the 2AC.

36. Defendants admit that all funds invested through Shiroyama, LLC in the project in 1999 and 2000 were from Gregory Hawkins and admit that no priest invested any money

through Shiroyama, LLC, but deny the remaining allegations set forth in Paragraph 36 of the 2AC.

37. Defendants deny the allegations set forth in Paragraph 37 of the 2AC.

38. Defendants admit that the social security numbers of Gregory Hawkins and Sharon Hawkins were provided to Marjorie Soifer in 2001 in connection with Shiroyama, LLC and Resurgence, LLC, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the 2AC.

39. Defendants deny the allegations set forth in the first sentence of Paragraph 39 of the 2AC. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 39 of the 2AC, and on that basis they are denied.

40. Defendants admit that all money invested in Shiroyama, LLC and Resurgence, LLC came from Gregory Hawkins and Sharon Hawkins, but deny the remaining allegations set forth in Paragraph 40 of the 2AC.

41. Defendants admit that $234,528, $625,440, and $899,040 of investments were transferred from DIG Special Assets, LP to Campanile, LLC, River Valley, LLC, and West Fork, LLC respectively, and that Gregory Hawkins stated that neither he nor Sharon Hawkins had any interest in any of those LLCs. Defendants deny the remaining allegations set forth in Paragraph 41 of the 2AC.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the third sentence set forth in Paragraph 42 of the 2AC, but admit the remaining allegations set forth in Paragraph 42 of the 2AC.

43. Defendants admit that the entity known as MedApproach, L.P. was dissolved and that its assets were transferred to a new MedApproach, L.P. (Delaware), DIG Equity, L.P., and

DIG Special Assets, L.P., all of which were organized under the laws of the State of Delaware. Defendants refer to the limited partnership agreements of those three entities for the terms thereof. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 43 of the 2AC, and on that basis they are denied.

44. Defendants deny the allegations set forth in Paragraph 44 of the 2AC.

45. Defendants admit the limited partnership agreements of MedApproach, L.P. (Delaware) and DIG Equity, L.P. provide for payments to MAH and refer to those limited partnership agreements for the terms thereof.

46. Defendants admit the allegations set forth in Paragraph 46 of the 2AC.

47. Defendants admit that Bradley Daniel sent emails to Gregory Hawkins on July 12, 2010 and July 27, 2010, and refer to those emails for the terms thereof.

48. Defendants admit that they received a letter from Bradley Daniel dated December 3, 2010, but deny the remaining allegations set forth in Paragraph 48 of the 2AC.

49. Defendants admit that Gregory Hawkins spoke with Bradley Daniel by telephone in approximately December 2010, but deny the remaining allegations set forth in Paragraph 49 of the 2AC.

50. Defendants admit that Gregory Hawkins spoke with Bradley Daniel by telephone in approximately December 2010 and that $500,000 and $200,000 were invested in Resurgence, LLC in February and August 2000 respectively, but deny the remaining allegations set forth in Paragraph 50 of the 2AC.

51. Defendants admit that Gregory Hawkins executed a certification on July 30, 2012 and refer to that certification for the terms thereof.

52. Defendants admit that Gregory Hawkins executed a certification on July 30, 2012 and refer to that certification for the terms thereof.

53. Defendants admit that a $350,000 investment was made in Shiroyama, L.L.C. on June 10, 1999, and that $320,000 of investment was transferred from DIG Special Assets, L.P. to Shiroyama on June 14, 1999, but deny the remaining allegations set forth in Paragraph 53 of the 2AC.

54. The allegations set forth in Paragraph 54 of the 2AC appear to be an expression of opinion to which no responsive pleading is required.

55. Defendants deny the allegations set forth in Paragraph 55 of the 2AC.

56. Defendants admit that Gregory Hawkins executed a certification on July 30, 2012 and refer to that certification for the terms thereof, and deny the remaining allegations set forth in Paragraph 56 of the 2AC.

57. Defendants deny the allegations set forth in Paragraph 57 of the 2AC.

58. The third sentence set forth in Paragraph 58 of the 2AC is a legal conclusion to which no responsive pleading is required. Defendants deny the remaining allegations set forth in Paragraph 58 of the 2AC.

59. Defendants admit that Gregory Hawkins knew that MAH was entitled to fees from certain entities under circumstances, but deny the remaining allegations set forth in Paragraph 59 of the 2AC.

60. Defendants deny the allegations set forth in Paragraph 60 of the 2AC.

61. Defendants admit that they own property at Oak Island, Premium Point in New Rochelle, New York, that they have owned race horses, and that they invested at least

$1,643,577 through the entities called Shiroyama, L.L.C. and Resurgence, L.L.C. Defendants deny the remaining allegations set forth in Paragraph 61 of the 2AC.

62. Defendants deny the allegations set forth in Paragraph 62 of the 2AC.

63. Defendants deny the allegations set forth in Paragraph 63 of the 2AC.

64. Defendants deny the allegations set forth in Paragraph 64 of the 2AC.

65. Defendants deny the allegations set forth in Paragraph 65 of the 2AC.

66. Defendants deny the allegations set forth in Paragraph 66 of the 2AC.

67. Defendants deny the allegations set forth in Paragraph 67 of the 2AC.

68. Defendants deny the allegations set forth in Paragraph 68 of the 2AC.

69. Defendants admit that assets that reside in Campenile, L.L.C., River Valley, L.L.C., and West Fork, L.L.C. are not subject to fees charged by MAH. The remaining allegations set forth in Paragraph 69 of the 2AC are hypotheticals based upon a false premise, and are denied as such.

70. Defendants admit that Gregory Hawkins transferred his interest in the entity called MedApproach, L.P. to Sharon Hawkins during 1998, and that her liability under the Amended and Restated Funding Commitment was ultimately limited to a set-off against her interest. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 70 of the 2AC, and on that basis they are denied.

71. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 71 of the 2AC, and on that basis they are denied.

72. Defendants admit the allegations set forth in Paragraph 72 of the 2AC.

73. Defendants deny the allegations set forth in Paragraph 73 of the 2AC.

74. Defendants deny the allegations set forth in the first and third sentences of Paragraph 74 of the 2AC, but admit the remaining allegations set forth in Paragraph 74 of the 2AC.

75. Defendants deny the allegations set forth in Paragraph 75 of the 2AC.

76. Defendants deny the allegations set forth in Paragraph 76 of the 2AC.

77. Defendants deny the allegations set forth in Paragraph 77 of the 2AC.

78. Defendants deny the allegations set forth in Paragraph 78 of the 2AC.

79. Defendants admit that Gregory Hawkins was introduced to Bradley Daniel by a relative of Bradley Daniel, but deny the remaining allegations set forth in Paragraph 79 of the 2AC.

80. The first sentence set forth in Paragraph 80 of the 2AC states a legal conclusion to which no responsive pleading is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 80 of the 2AC, and on that basis they are denied.

81. Defendants admit that Gregory Hawkins understood the terms of the limited partnership agreement of the entity called MedApproach, L.P. (Tennessee) and refer to that limited partnership agreement for the terms thereof. Defendants deny the remaining allegations set forth in Paragraph 81 of the 2AC.

82. Defendants deny the allegations set forth in Paragraph 82 of the 2AC.

83. Defendants deny the allegations set forth in Paragraph 83 of the 2AC.

# AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The 2AC fails to state a claim upon which relief may be granted against the Defendants.

## SECOND DEFENSE

Plaintiff's claims are barred by laches.

## THIRD DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to maintain its claims.

## SEVENTH DEFENSE

If Plaintiff suffered any damages, such damages were caused by its own conduct and/or the conduct of parties other than the Defendants.

### EIGHTH DEFENSE

Plaintiff failed to mitigate damages, if any.

### NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because its alleged damages, if any, are speculative, and because of the impossibility of ascertaining and allocating these alleged damages.

### TENTH DEFENSE

This Court lacks jurisdiction to entertain Plaintiff's claims.

### ELEVENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's prior material breaches of contract.

### TWELFTH DEFENSE

Venue is not properly laid in this District.

### PRAYER FOR RELIEF

**WHEREFORE,** the Defendants pray for relief and judgment as follows:

(a) Dismissing the 2AC with prejudice; (b) Awarding the Defendants their attorney's fees and costs incurred in the defense thereof; and (c) for such further relief as the Court deems equitable and just.

### DEMAND FOR JURY TRIAL

The Defendants demand a trial by jury on all issues so triable.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ William T. Ramsey
William T. Ramsey, #009245
2000 One Nashville Place
150 Fourth Avenue North
Nashville, Tennessee 37219
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
wramsey@nealharwell.com

and

**LOWENSTEIN SANDLER LLP**

By: /s/ R. Scott Thompson
R. Scott Thompson
(NY Bar No. 041361986)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2532
Fax: (973) 597-2533
sthompson@lowenstein.com

August 5, 2013                *COUNSEL FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2013 a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system:

William Gary Blackburn
Law Office of W. Gary Blackburn
213 Fifth Avenue North
Suite 300
Nashville, Tennessee 37219
gblackburn@wgaryblackburn.com
*Counsel for Plaintiff*

          /s/ William T. Ramsey