UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MEDAPPROACH HOLDINGS, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 3:11-cv-01199 |
| v. | ) | Judge Aleta A. Trauger |
| | ) | |
| GREGORY D. HAWKINS and SHARON HAWKINS, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM

Plaintiff MedApproach Holdings, Inc. ("MAH") has filed a Motion to Reconsider and Alternative Motion for Leave to Amend (Docket No. 82), to which the defendants, Gregory D. Hawkins and Sharon Hawkins, have filed a Response in opposition (Docket No. 86). For the reasons stated herein, MAH's motion will be denied.

# BACKGROUND

## I. Procedural History Before the Instant Motion to Reconsider

The complicated factual allegations and the procedural history of this case are detailed in previous opinions of this court (*see* Docket Nos. 48 and 64), familiarity with which is assumed. Briefly, MAH, represented by attorney Gary Blackburn, filed its initial Complaint on December 20, 2011 (Docket No. 1).[1] MAH filed an Amended Complaint as a matter of right on July 6, 2012 (Docket No. 26), and the court dismissed the Amended Complaint without prejudice (and with leave to file a motion to amend) on December 17, 2012 (Docket Nos. 47 (Memorandum)

---

[1] Attorney John Clemmons also appeared on behalf of MAH but withdrew as counsel shortly thereafter. (Docket No. 6.)

1

and 48 (Order)). After receiving two extensions of time, MAH filed a Second Amended Complaint on January 30, 2013 (Docket No. 53). On July 18, 2013, the court dismissed all claims from the Second Amended Complaint except for the fraud and civil conspiracy claims relating to the loss of management fees resulting from the Shiroyama LLC ("Shiroyama") assignment. The court found, in essence, that MAH's amended pleading failed to remedy certain of the deficiencies the court had previously identified. (Docket Nos. 64 (Memorandum) and 65 (Order).)

On August 5, 2013, the defendants filed an Answer to the Second Amended Complaint. (Docket No. 70.) On August 23, 2013, attorneys Robert Boston and Ames Davis, members of the law firm of Waller Lansden Dortch & Davis, LLP, filed appearances on behalf of MAH. (Docket Nos. 72 and 73). The new attorneys requested a continuance of the initial case management conference to conduct "further investigation and become familiar with the past procedural history and recent court ruling" (Docket No. 74), which the court granted (Docket No. 75). On August 30, 2013, with leave of court, Attorneys Boston and Davis substituted themselves as MAH's counsel for attorney Blackburn, who withdrew from the case. (Docket No. 78.)

On August 30, 2013, the court held an initial case management conference, after which, at the court's direction, the parties filed a Proposed Case Management Order (Docket No. 80). The court adopted that proposed order as its Initial Case Management Order (Docket No. 81), which, in most relevant part, stated that the "Issues in Dispute" included only "[w]hether the defendants are liable for fraud and civil conspiracy," issues which "relate solely to a 1% management fee on $300,000 that was transferred from an entity under Brad Daniel's control into Shiroyama, which

was not under Mr. Daniel's control." (Docket No. 81 at ¶ D.) That order also provided that motions to amend would be due on or before December 1, 2013. (*Id*. ¶ G.)

## II. Motion to Reconsider and/or for Leave to Amend

On December 2, 2013,[2] MAH filed the instant Motion to Reconsider, which asks the court to reconsider in part its July 18, 2013 Order pursuant to Fed. R. Civ. P. 54(b).[3] The motion also contains an alternative request for leave to amend the Second Amended Complaint to include an attestation under Fed. R. Civ. P. 11(b)(3), to the effect that, "after a reasonable opportunity for discovery, MAH will likely have evidentiary support for" its allegation that the defendants are beneficial owners of Campenile, River Valley, and West Fork. (Docket No. 82 at p. 1.) MAH filed its motion 137 days after the underlying Order that it asks the court to reconsider. In its Memorandum in support of the motion, MAH has not addressed, let alone attempted to justify, why it waited 137 days to file the motion.

In their Response, the defendants argue that (1) MAH's motion is untimely and should be denied on that basis, (2) even if the court were to consider the motion, MAH has failed to show circumstances that warrant reconsideration under Fed. R. Civ. P. 54(b), and (3) the proposed amendment would be futile. With respect to this third issue, the defendants have filed the

---

[2]Because the deadline, December 1, 2013, was a Sunday, this filing was made on the first business day thereafter.

[3]MAH seeks reconsideration of the court's dismissal of the following claims: (1) claims relating to direct investments by Shiroyama and Resurgence, and (2) claims relating to assignments of previously invested funds (by the defendants) to Campenile LLC ("Campenile"), River Valley, LLC ("River Valley"), and West Fork, LLC ("West Fork"). MAH has not requested reconsideration of the court's remaining findings, including the court's conclusions that, *inter alia*, (1) MAH failed to state a claim for breach of contract; and (2) the funds assigned to Campenile, River Valley, West Fork, and Shiroyama were not subject to profit participation fees.

3

"Certification of David S. Untracht," the accountant who assisted in creating the five LLCs referenced in the Second Amended Complaint, including, *inter alia*, Campenile, River Valley, and West Fork. (Docket No. 86, Ex. 1.) Untracht avers that, since their creation, Campanile, River Valley, and West Fork have been owned by investors other than the defendants, who have never had an ownership in the companies and, to the best of Untracht's knowledge, have never received any payments therefrom. Untracht avers that his firm prepares the federal and state income tax returns for the owners of these three companies, which returns have reflected the full amount of loss or gain from each company, indicating that no loss or gain was diverted from the owners between the date of receipt by the LLC and filing of the owners' tax returns. Untracht also avers that he is unaware of any payments by the owners to the defendants relating to these companies. Finally, Untracht avers that his firm prepares the defendants' tax returns, which have not reported any income from Campenile, River Valley, and West Fork. The affidavit is dated May 18, 2012, and MAH has not disputed the defendants' multiple representations that they provided Untracht's sworn statement to MAH at an earlier stage in these proceedings. (*See* Docket No. 62, Defs. Reply in support of Motion to Dismiss Second Am. Compl., filed Mar. 28, 2013, at p. 9 n.3 (stating that MAH "was provided with the sworn statement of the accountant for the entities making it absolutely clear that the Hawkinses had no interest in any of the three entities"); *see also* Docket No. 86, Defs. Mem. in Opposition to Motion to Reconsider, at p. 6 ("In fact, . . . plaintiff was provided with highly probative proof – in the form of a sworn statement from the accountant responsible for those entities – that Defendants have no interest in them.").)

      MAH did not file a Reply.

## STANDARD FOR RECONSIDERATION OF INTERLOCUTORY ORDERS

While the Federal Rules of Civil Procedure fail to explicitly address motions to reconsider interlocutory orders, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)); *see also In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 326 n.6 (6th Cir. 2009) ("[A] district court may always reconsider and revise its interlocutory orders while it retains jurisdiction over the case.") (citing *Rodriguez*, 89 F. App'x at 959 and *Mallory*, 922 F.2d at 1282). Thus, district courts may "afford such relief from interlocutory orders as justice requires." *Rodriguez*, 89 F. App'x at 959 (internal quotation marks and brackets omitted). Courts traditionally will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice. *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez*, 89 F. App'x at 959). This standard "vests significant discretion in district courts." *Rodriguez*, 89 F. App'x at 959 n.7.

## APPLICATION

### I. Timeliness of the Motion Under M.D. Tenn. Local Rule 7.01(b)

This court has consistently interpreted the court's local rules as establishing specific time limitations for motions to reconsider. The former Local Rule 8(b)(3) stated as follows:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than ten (10) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty (20) days after the service of the motion, unless otherwise ordered

5

> by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion. A reply memorandum may be filed upon leave of Court. Provided, however, the Court may act on the motion prior to the time set forth hereinbefore. In *such event, the affected party may file a motion to reconsider within ten (10) days, or twenty (20) days in the case of a motion for summary judgment*, after service of the order reflecting the action of the Judge. The prevailing party shall not respond to a motion to reconsider unless the Court orders a response.

*Al-Sadoon v. FISI*Madison Fin. Corp.*, 188 F. Supp. 2d 899, 900-01 (M.D. Tenn. 2002) (quoting former M.D. Tenn. Local Rule 8(b)(3)) (emphasis added). In *Al-Sadoon*, this court analyzed the language of this rule and canvassed the approaches of various other federal district courts, concluding, *inter alia*, that the local rule imposed the following time limitations on motions for reconsideration under Rule 54(b): "With regard to the timing of such motions, the Local Rules require that motions for reconsideration be filed within twenty days of service of the court's decision on a motion for summary judgment and within ten days of service of all other decisions." *Id.* at 902. In subsequent cases applying the former Local Rule 8(b)(3), this court has consistently applied *Al-Sadoon*'s construction of the timing requirements set forth therein. *See Corso Enterps., Inc. v. Shop at Home Network, Inc.*, 2005 WL 2346986, at *3 (M.D. Tenn. Sept. 26, 2005); *Bates v. Dura Auto. Sys., Inc.*, 2009 WL 2356546, at *2 (M.D. Tenn. July 29, 2009).[4]

---

[4]In some instances the court has considered and granted motions for reconsideration filed outside the time limitations set forth in the local rules, where circumstances justified the delay or the equities otherwise warranted reconsideration. For example, in *Winnett v. Caterpillar Inc.*, 2011 WL 98586 (M.D. Tenn. Jan. 12, 2011), the defendant in 2008 appealed this court's order granting a motion for preliminary injunction in one of two related cases. While that appeal was pending, this court granted in part and denied in part the parties' cross-motions for summary judgment in both cases, resolving issues of liability but not damages. While the parties were engaged in damages discovery, the Sixth Circuit issued (1) an order reversing this court's preliminary injunction decision, and (2) an order in a separate case that related to the liability issues presented in both cases before this court. Shortly after those Sixth Circuit decisions were published, the defendant filed a motion to reconsider this court's original summary judgment order. Under the circumstances, the court granted in part the motion to reconsider, even though

6

Following amendments and re-numbering, the former Local Rule 8(b)(3) is now contained in Local Rule 7.01(b). Local Rule 7.01(b) reads as follows:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion. A reply memorandum may be filed upon leave of Court. Provided, however, the Court may act on the motion prior to the time set forth hereinbefore. *In such event, the affected party may file a motion to reconsider within fourteen (14) days, or twenty-one (21) days in the case of a motion for summary judgment*, after service of the order reflecting the action of the Judge. The prevailing party shall not respond to a motion to reconsider unless the Court orders a response.

M.D. Tenn. Local Rule 7.01(b) (emphasis added). Local Rule 7.01(b) is essentially the same as the former Local Rule 8(b)(3) addressed in *Al-Sadoon*, except that the time limitations have been extended from 20 to 21 days for motions to reconsider a ruling on a motion for summary judgment and from 10 days to 14 days for motions to reconsider rulings on all other motions.

Here, where MAH has not sought leave to file a reply, it appears that MAH implicitly concedes that the 14-day limitation set forth in Local Rule 7.01(b) applies by default to its Motion for Reconsideration under Rule 54(b), and that *Al-Sadoon*, *Corso*, and *Bates* correctly construed and applied the previous version of this rule. Remarkably, MAH has not argued that it should be excused from failing to abide by this time limitation.

Of course, the court ultimately retains equitable discretion to modify interlocutory orders in the interest of justice, but MAH has not shown that circumstances otherwise justify consideration of its late-filed motion. MAH filed this motion *137 days* after the underlying order,

---

the motion was filed over six months after the underlying summary judgment order.

but it has not identified any changed circumstances, such as an evidentiary development or a change in controlling law, that might explain why the motion was filed so late.[5] Furthermore, even after retaining new counsel, MAH (1) acknowledged in the Initial Case Management Order that only the issue of management fees related to Shiroyama remained, and (2) waited over three months to file the instant motion. Finally, MAH has not even responded to the defendants' persuasive argument that the motion is unjustifiably untimely. Thus, the court must conclude that MAH is simply attempting to take a third "bite at the apple" in an attempt to resuscitate claims long since dismissed on the merits – twice. Therefore, the court finds that the motion is untimely and will be denied on that basis alone.[6]

## II. Alternative Request for "Leave to Amend"

MAH has also requested that the court grant it leave to amend. For the first time, MAH argues that it is entitled to allege that, under Fed. R. Civ. P. 11(b)(3), it has a reasonable belief that discovery would show that the defendants have a beneficial interest in the Campanile, West Fork, and River Valley companies.

As an initial matter, although styled as a request for "leave to amend," MAH's request is essentially a request for the court to reconsider and vacate its previous order dismissing all claims related to those LLCs. For the reasons discussed in the previous section, the request for the court

---

[5]Indeed, the only meaningful "change" appears to be the substitution of a new law firm to represent MAH following the court's dismissal of the majority of its case.

[6]Even if the court were to address the merits of the motion, it would not reconsider its July 18, 2013 Order, because MAH has failed to establish any of the three grounds for reconsideration under Rule 54(b) and has not shown particularized circumstances that might otherwise warrant reconsideration. The court further notes that MAH still has not provided a coherent or sensible argument concerning the detrimental reliance element of its fraud claims related to direct investments by Shiroyama and Resurgence, particularly in light of (presumably) Mr. Daniels/MAH's fiduciary duty to maintain funding for the underlying project.

8

to reconsider its holding concerning those claims is untimely and, therefore, leave to "amend" to reassert them on the newly identified grounds will be denied on that basis alone.

Furthermore, even if the court were to consider the request to vacate its prior order relative to these claims, the court would deny the requested relief. First, MAH did not raise a Rule 11(b)(3) argument in any previous submission, including its Response to the Motion to Dismiss the Amended Complaint (filed on September 21, 2012) and to the Motion to Dismiss the Second Amended Complaint (filed on March 18, 2013). It is inappropriate for MAH to raise this new argument for the first time nine months after its *second* opportunity to raise it and over four months after the court's final disposition of the underlying claims. Thus, the request would also be denied on that independent basis. *See Glass v. Nw. Airlines*, *Inc.*, 798 F. Supp. 2d 902, 907 (W.D. Tenn. 2011); *Stringer v. Nat'l Football League*, 749 F. Supp. 2d 680, 700 (S.D. Ohio 2009).

Second, even if the court were otherwise inclined to consider MAH's Rule 11(b)(3) argument,[7] the Untracht Affidavit – which the defendants have represented that they provided to MAH at an earlier stage in this litigation – indicates that the merits would have favored dismissal of the claims related to the three LLCs, in any case. MAH has not objected to the court's

---

[7]The parties both acknowledge that the Sixth Circuit has not squarely addressed whether and to what extent Fed. R. Civ. P. 11(b)(3) can relieve a plaintiff's burden to plead fraud with particularity under Fed. R. Civ. P. 9(b). *See Jackson v. Segwick Claims Mgmt. Servs., Inc.*, 699 F.3d 466, 476 (6th Cir. 2012) (expressly declining to address whether plaintiffs, "by invoking Rule 11(b)(3), [] should be entitled to discovery before their complaint is dismissed for lack of particularity under Rule 9(b)"); *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 356 n.4 (6th Cir. 2008) (expressing "no view as to whether the district court should have permitted the plaintiffs to plead additional particular facts after discovery under Rule 11(b)(3)," but noting that "such a notion is not foreign to this court.") Because the instant motion will be denied on other grounds, the court similarly expresses no opinion on the issue.

9

consideration of the affidavit, nor has it disputed the defendants' argument that MAH cannot in good faith make the proposed Rule 11(b)(3) attestation in light of the facts stated therein. Under these circumstances, and in the absence of any objection from MAH, the affidavit reinforces the court's conclusion that there is no equitable reason for the court to excuse the untimeliness of the motion, to consider an argument not previously raised, and to permit MAH a third opportunity to bring these now-conclusively dismissed claims.

## CONCLUSION

For the reasons stated herein, the Motion to Reconsider will be denied.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge